# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT D. STOREY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:10-cv-1744-WTL-MJD |
| | ) | |
| ALAN FINNAN, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Robert D. Storey ("Storey") for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### The Petition for a Writ of Habeas Corpus

**I. Nature of the Case**

Storey seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

**II. Parties**

Storey is confined at a state prison in Indiana. The respondent is Storey's custodian, sued in his official capacity as a representative of the State of Indiana.

**III. Procedural Background**

Storey was convicted in 2006 in Elkhart County for possession and manufacture of methamphetamine. His conviction was affirmed on direct appeal in *Storey v. State,* No. 875 N.E.2d 243 (Ind.Ct.App. 2007) (*Storey I*).Storey's petition for transfer was denied by the Indiana Supreme Court on January 3, 2008. The trial court's denial of Storey's petition for post-conviction relief was affirmed on appeal in *Storey v. State*, 2010 WL 2361764 (Ind.Ct.App. 2010)(*Storey II*). Storey's petition for transfer was denied by the Indiana Supreme Court on October 20, 2010. The filing of this action followed. The record has been appropriately expanded.

## IV. Statement of Facts

The evidence relating to Storey's offenses as set forth on direct appeal is as follows:

> On July 21, 2003, area residents noticed an unfamiliar maroon vehicle and two men by a cornfield near Glen Graber's ("Graber") Elkhart, Indiana, farm. After being notified, Graber's son, Kenneth, went to the field to investigate. Soon thereafter, Graber and a neighbor joined up with Kenneth, and the men observed two sets of footprints leading into the cornfield and in close proximity to a nearby tank, later found to contain anhydrous ammonia, which is commonly used in the production of methamphetamine. Simultaneously, the men observed a maroon car in the area, which they followed into Millersburg before deciding to return to the cornfield. While en route back to the cornfield, they called the Elkhart County Sheriff's Department and Eugene Moser ("Moser"), another neighbor. Moser met Graber and the other men at the edge of the field while they waited for the officers to arrive. While waiting for the officers, Storey emerged from the cornfield wearing heavy clothing on a warm day and sweating profusely. Startled at the sight of the men, Storey explained that he was looking for his dog and then began walking toward an adjacent railroad. When Kenneth followed, Storey ran and hid in some tall grass. Deputy Sheriff Jason Reaves arrived on the scene and quickly apprehended Storey. The police and others eventually found several items in the field used to manufacture methamphetamine, including containers, Draino cans, ether, batteries that were cut apart, liter bottles, and jars containing an orange-pink substance. Additionally, the authorities found finished methamphetamine weighing a total of 34.789 grams and unfinished methamphetamine that, if finished, would have yielded approximately twenty-eight grams.

*Storey I*, 875 N.E.2d at 246-47.

## V. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Storey filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). When a habeas petitioner's claim was adjudicated on the merits in State court proceedings, section 2254(d) provides that a federal court may grant a writ of habeas corpus only if that adjudication was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The following principles guideline the AEDPA analysis.

! A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 404-08 (2000).

! "A state court decision is contrary to clearly established law if it applies a legal standard inconsistent with governing Supreme Court precedent or contradicts the Supreme Court's treatment of a materially identical set of facts. A state court unreasonably applies Supreme Court precedent if the state court identifies the correct legal rule but applies it in a way that is objectively unreasonable." *Bynum v. Lemmon,* 560 F.3d 678, 683 (7th Cir. 2009)(internal citations omitted).

! "Clearly established federal law" means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003).

! Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Williams,* 529 U.S. at 407; *see also Badelle v. Correll,* 452 F.3d 648, 653 (7th Cir. 2006). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen,* 130 S. Ct. 841, 845 (2010).

! "Under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010).

! "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004)(citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)). With respect to § 2254(d)(2), state-court determinations of factual issues are "presumed correct" unless the petitioner can rebut the presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Sprosty v. Buchler,* 79 F.3d 635, 643 (7th Cir. 1996).

**VI. Analysis**

Storey seeks habeas corpus relief based on his claim that appellate counsel was ineffective for failing to challenge the admission of co-defendant Joseph Caron's ("Caron") testimony at trial by transcript rather than live testimony. Storey's contention is that this method of introducing Caron's testimony violated Storey's Sixth Amendment right to confront Caron.

A defendant has a right under the Sixth Amendment to effective assistance of counsel at trial. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel under *Strickland,* the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* For a

petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.,* at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the Court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright,* 811 F.2d 1430, 1435 (11th Cir. 1987). An appellate counsel's performance is deficient if he or she fails to argue an issue that is both obvious and clearly stronger than the issues raised. *Lee v. Davis,* 328 F.3d 896, 900-01 (7th Cir. 2003). To establish the *Strickland* prejudice prong, a defendant must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. *Id.*, at 901 (for a claim to support relief, it must be reasonable probability that issue not raised would have altered outcome of appeal). Where a defendant claims that counsel failed to raise the correct issues on appeal, the question is whether appellate counsel failed to raise a significant and obvious issue without a legitimate strategic purpose. *Franklin v. Gilmore,* 188 F.3d 877, 884 (7th Cir. 1999). Thus, the court has examined the "trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mason v. Hanks,* 97 F.3d 887, 893 (7th Cir. 1996).

When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

As to Storey's ineffective assistance of appellate counsel claim which was raised in the post-conviction action, the Indiana Court of Appeals explained:

> Here, Caron's testimony is in no way comparable to Storey's [unconstitutional as violating his Fifth Amendment right to counsel] confession, which undoubtedly contributed to his conviction in his first trial. In other words, Caron's testimony and Storey's confession are not the same caliber of evidence. Although Caron's testimony placed him with Storey in the cornfield on the day in question near the ingredients which were later found, Caron was very careful in his testimony not to link Storey to the methamphetamine or the ingredients. Appellate counsel testified at the post-conviction hearing that there were several reasons why he did not raise this issue on appeal, one of which was that he "thought it would be extremely difficult to mount an argument where Mr. Storey showed that this was anything other than harmless error[.]" P–C Tr. p. 45. Without Caron's testimony, the evidence shows that a farmer observed an unfamiliar car in the area, two men, and then two sets of footprints leading to a tank containing anhydrous ammonia. Storey later emerged from a cornfield wearing heavy clothing on a warm day and sweating profusely. Startled at the sight of some men, Storey explained that he was looking for his dog and then began walking toward an adjacent railroad. When one of the men followed, Storey ran and hid in some tall grass until he was apprehended by a deputy sheriff. In the cornfield the deputies found methamphetamine, unfinished methamphetamine, and several ingredients used to manufacture methamphetamine.
>
> The decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel. Here, appellate counsel considered the confrontation issue but ultimately decided not to raise it for a host of reasons. Not only was appellate counsel concerned about overcoming the harmless error hurdle, but he also thought that if Caron *had* testified, he "was capable of derailing the entire trial at that point" and therefore the trial court devised a good procedure to minimize the risk. *Id.*, at 46. We thus decline to find ineffective assistance of appellate counsel for failing to raise the confrontation issue under the United States Constitution.

*Storey II,* at pp. 8-9.

Storey has not demonstrated that his appellate counsel's failure to challenge the admission of Caron's testimony so prejudiced his chances on appeal that, absent counsel's asserted deficient performance, there is a reasonable probability that his appeal would have been successful. *Mayo v. Henderson,* 13 F.3d 528, 534 (2d Cir. 1994). "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yarborough v. Gentry,* 540 U.S. 1, 8 (2003). As the foregoing shows, the Indiana Court of Appeals in *Storey II* "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the

*Strickland* standard] to the facts of the case," Storey's claim of ineffective assistance of appellate counsel does not support the award of habeas corpus relief. *Murrell,* 332 F.3d at 1111 (citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

## VII. Conclusion

This court has carefully reviewed the state record in light of Storey's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Storey to relief in this case. Storey's petition for a writ of habeas corpus [1] is therefore **denied.**

Storey's request for a hearing has also been considered. However, such a proceeding is only necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks*, 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here. Accordingly, Storey's request for a hearing is **denied.**

Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Storey has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/06/2011

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana